[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Plaintiffs' March 24, 1998, application for discharge of mechanic's lien is granted.
The lienor bears the initial burden of establishing that there is probable cause to sustain the validity of the lien. General Statutes Section 49-35b. On the record before the Court, see Stipulation of Facts dated July 16, 1998, TLC Homes, Inc., (TLC) has failed to demonstrate that it furnished materials or rendered services "in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land . . ." Connecticut General Statutes Section49-33. The facts as stipulated to fail to support the conclusion that the services provided by TLC actually physically enhanced or improved the land, directly or indirectly. Thompson Peck, Inc.vs. Division Drywall, 241 Conn. 370, 378-379 (1997) (". . . to be the subject of a mechanics' lien, the materials for which a lien has been claimed must not merely have been furnished for, or delivered to the site of the particular building or improvement, but must actually also have been used in its construction. . . . We conclude that . . . Section 49-33 does not extend to services not directly associated with the physical construction or improvement of the land.") Cf. New England Savings Bank vs.Meadow Lakes Realty Co., 243 Conn. 601, 613 (1998) (lienor performed surveying and engineering work which contributed to town approvals). "In short, McDonald-Shoppe laid the groundwork for the physical enhancement of the sub-division, which became an essential part of the scheme of physical enhancement of the subdivision project." Id. at 615. In this case, as the CT Page 10887 Stipulation of Facts makes clear, the labor and service supplied were not actually incorporated into the construction on plaintiffs' land. Rather, TLC's services were terminated and the plans drawn by Home Designing Services. Ltd., were used. While TLC may have a breach of contract action available to it, it has failed to carry its burden of demonstrating entitlement to a mechanic's lien. TLC's argument that the services it provided must be construed as "indirectly improving" the land, see page 5 of Brief of Respondent dated August 5, 1998, is not persuasive. The services were rendered in anticipation of improving the land or developing the site, but not in actually improving the lot or developing the site.
Plaintiffs' request for attorneys' fees is denied.
Douglas S. Lavine Judge, Superior Court